# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 09-5286

September Term 2010

1:08-cv-01558-ESH

**Filed On:** December 13, 2010

Nick Koretoff, doing business as Nick Koretoff
Ranches, et al.,

      Appellants

      v.

Tom Vilsack,

      Appellee

**BEFORE:** Henderson,* Griffith, and Kavanaugh,* Circuit Judges

# O R D E R

Upon consideration of appellee's petition for panel rehearing filed on October 18, 2010, and the response thereto, it is

**ORDERED** that the petition be denied.

## Per Curiam

                          **FOR THE COURT:**
                          Mark J. Langer, Clerk
           BY:   /s/
                          Michael C. McGrail
                          Deputy Clerk

* A statement by Circuit Judge Henderson concurring in the denial of rehearing is attached.

* A statement by Circuit Judge Kavanaugh concurring in the denial of rehearing is attached.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 09-5286**                                          **September Term 2010**


KAREN LECRAFT HENDERSON, *Circuit Judge*, concurring in the denial of panel rehearing:

Unlike my colleague, I do not read the petition for rehearing as reflecting any change in the Government's litigation position. As it did before the panel, the Government argues that producers are generally precluded from bringing an action under the Agricultural Marketing Agreement Act subject to an exception for a producer litigating a "definite" and "personal" right. *See* Pet. for Reh'g 8-12; Appellant's Br. 15-20. It is true that the Government did not expressly identify its argument before the panel as one of "standing" but the term plainly applies and has so been used in *Stark v. Wickard*, 321 U.S. 288 (1944), and its progeny which the Government cited to the district court and to us. *See Stark v. Wickard*, 321 U.S. at 305-306; *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 351 (1984); *Benson v. Schofield*, 236 F.2d 719, 722 (D.C. Cir. 1956); *Arkansas Dairy Co-op Ass'n v. U.S. Dep't of Agric.*, 573 F.3d 815, 817 (D.C. Cir. 2009); *Koretoff v. Vilsack*, 601 F. Supp.2d 238, 244 (D.D.C. 2009).[1] The Government is simply repeating its previous arguments and, having fought and lost that battle, I believe that rehearing is unwarranted.

---

[1] None of these authorities (nor the Government) characterizes such standing as grounded in Article III of the United States Constitution—rather its presence *vel non* is determined by "the statutory scheme as a whole." *Block*, 467 U.S. at 351.

KAVANAUGH, *Circuit Judge*, concurring in the denial of panel rehearing:

The only substantial question in this case is whether the Agricultural Marketing Agreement Act (AMAA) precludes judicial review of the producers' APA challenges to the almond marketing order. *See* 7 U.S.C. §§ 601-674. As the panel opinion explained, the AMAA does not explicitly or implicitly preclude the producers' claims, at least not under the Supreme Court's precedents in *Block* and *Stark*, which permitted producers and handlers (but not consumers) to challenge marketing orders. *See Block v. Cmty. Nutrition Inst.*, 467 U.S. 340 (1983); *Stark v. Wickard*, 321 U.S. 288 (1944). The Court in *Block* summarized: "The structure of this Act indicates that Congress intended only producers and handlers, and not consumers, to ensure that the statutory objectives would be realized." 467 U.S. at 347.

Apparently recognizing the difficulty with its argument that the AMAA implicitly precludes judicial review of producer challenges to marketing orders, the Government has opened a second front in its petition for rehearing. It now argues for the first time that the producers lack standing to advance some (but not all) of their claims; in particular, the Government contends that the marketing order in this case did not affect producers' "definite personal rights." Pet. for Reh'g at 6, 8. In its 25-page brief to the panel, the Government never once suggested that the producers lacked standing, and for good reason: The marketing order here directly thwarts the producers' ability to sell their almonds and significantly affects their livelihoods. To be sure, there may be cases where agricultural marketing orders do not affect producers and where producers therefore would not have standing. But this is not such a case.[1]

The Government also claims that the panel decision will upset the AMAA scheme for review of marketing orders. The Government is particularly concerned that producers may sue without first exhausting administrative remedies, whereas handlers are statutorily required to exhaust. But if the Government wants producers to exhaust their claims administratively before suing, the Department of Agriculture may seek to adopt a regulation requiring producers to exhaust, a point Judge Posner made in *Alto Dairy v. Veneman*, 336 F.3d 560, 568 (7th Cir. 2003). In any event, judicial review in this context is hardly as fearsome or novel a prospect as the Government suggests. Most agency rules are of course subject to judicial review under the APA. Indeed, agricultural marketing orders are already subject to judicial review when challenged by handlers. And even the Government now concedes that the AMAA allows some challenges by these producers (a concession appearing for the first time in the Government's petition for rehearing).

Aside from the above problems, the Government's petition suffers from a more fundamental flaw: In light of the Administrative Procedure Act and binding Supreme Court precedents, it would be highly unusual, at least absent some stronger indication of congressional intent, to hold that a business directly affected by an agency's economic regulation can *never* challenge the legality of that agency rule in *any* judicial forum at *any* time. It would be especially odd to find that the AMAA, which after all was enacted to

---

[1] The Government is thus incorrect in saying that the panel decision "would presumably allow producer suits even for matters that do not affect 'definite personal rights.'" Pet. for Reh'g at 9-10.

protect farmers, silently precludes farmers (i.e., producers) from challenging unlawful agency orders that directly affect their ability to sell their products.